## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 03-cv-01842-LTB-OES

FRANCIS T. DEUTSCH,
         Applicant,

v.

E. J. GALLEGOS, Warden, F.P.C. Florence
         Respondent.

_____

## ORDER
_____

THIS MATTER is before me on Applicant's Motion for Mandamus and Renewal of Order to Show Cause and Contempt Citation to Issue, filed January 3, 2006 (Doc #41). Although Applicant has filed certain pleadings in the nature of status reports or other unsundry pleadings I consider the only viable motion to be that filed January 3, 2006, Document #41. Pursuant to Minute Orders entered, Respondent has filed responses as directed.

This case, once curiously complex, is now simple. Pursuant to the Remand and Mandate of the Tenth Circuit Court of Appeals on December 16, 2005, I entered my order that the 28 U.S.C. § 2241 Petition is granted and Respondent is directed to recalculate Applicant's actual release date from June 23, 2006 to May 24, 2006. Judgment was entered upon that order on December 19, 2005. No appeal has been taken from that order. It is undisputed that pursuant to that order, Respondent recalculated Applicant's actual release date from June 23, 2006 to May 24, 2006. Accordingly, Applicant has

received all of the relief to which he is entitled in this 28 U.S.C. § 2241 proceeding. Having complied with this Court's order and judgment, no finding of contempt is warranted.

But Applicant now seeks this Court to require the Bureau of Prisons to transfer him to halfway house for the last months of his confinement.  First, this requested relief is outside the scope of his § 2241 Petition.  And, in its January 12, 2006 Order denying Applicant's mandamus petition expressly ruled that:

> Deutsch has not shown entitlement to the extraordinary remedy of mandamus.  There is no statutory provision "indicate[ing] any intention to encroach upon the Bureau [of Prisons] authority to decide where the prisoner may be confined during the pre-release period." Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992).  Accordingly, Deutsch has no right to placement in any particular type of pre-release program. Furthermore, upon this court's remand of Deutsch's § 2241 case, see Deutsch v. Gallegos, 141 Fed. Appx. 745, 748 (10th Cir. 2005), the district court has taken prompt action.  This court can provide no further relief.

Nor can I.  Accordingly

IT IS ORDERED that Applicant's Motion is DENIED.  This order does and is intended to resolve any pleadings of the Applicant on file which may be construed as a motion.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED:   January 26, 2006